UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK GRIFFIN | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| NORTHSTAR LOCATION SERVICES, LLC | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Frank Griffin, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1. Plaintiff, Frank Griffin (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides here and the Defendant transacts business here.

## III.  PARTIES

4. Plaintiff, Frank Griffin, is an adult natural person residing at 44 Bellevue Terrace, Collingswood, NJ 08108.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Northstar Location Services, LLC at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the State of New Jersey with a principal place of business located at 4285 Genesee St., Buffalo, NY 14225.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff has experienced a series of harassing phone calls from the Defendant regarding an alleged debt owed to Barclaycard.

8. In or around the end of April 2010, Plaintiff received a call from a unnamed female agent of the Defendant, to whom he explained that he had no way of paying the debt because he was unemployed.

9. The female agent of the Defendant then told the Plaintiff that his number would be removed from their call list.

10. Plaintiff received a second call on or around May 6, 2010 from a different female agent of the Defendant.

11. During the aforementioned phone call, the Plaintiff explained to the agent that he was told his number would be removed from the Defendant's calling list.  The agent responded, "We will call forever, or until it is paid."

12. The Plaintiff was then interrogated about what he did for a living when he was employed, and when discussing being unable to pay the debt, the agent snidely remarked, "Who do you think you are?"

13. The Plaintiff was also told by the female agent that by him not paying the debt, he was harassing her.

14. Also during the same phone call, the female agent of the Defendant attempted to coerce the Plaintiff into providing the name of a third party who would be willing to pay the debt on his behalf.

15. Plaintiff has neither received a thirty day validation notice in the mail, nor any other written communication.

16. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692d:    Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692e:        Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(10):    Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:        Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692g:        Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Northstar Location Services, LLC for the following:

    a.    Actual damages;

    d.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                **Respectfully submitted,**

                                                **WARREN & VULLINGS, LLP**

Date: September 16, 2010          BY: */s/ Bruce K. Warren*
                                                Bruce K. Warren, Esquire
                                                **BY:** */s/ Brent F. Vullings*
                                                Brent F. Vullings, Esquire
                                                Warren & Vullings, LLP
                                                1603 Rhawn Street
                                                Philadelphia, PA  19111
                                                215-745-9800   Fax 215-745-7880
                                                Attorney for Plaintiff